**George MORGAN, Plaintiff,**

v.

**Richard DeROBERTIS, Warden; Michael O'Leary, Assistant Warden; Salzador Godinez, Assistant Warden; Mel Allen, IIB Chairman; each being sued in his personal and official capacity, Defendants.**

**No. 83 C 0576.**

United States District Court, N.D. Illinois, E.D.

April 6, 1984.

George Morgan, pro se.

Neil F. Hartigan, Atty. Gen. of Ill. by Ronald E. Brandt, Asst. Atty. Gen., Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Before the Court is defendants' motion to dismiss the complaint pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. For the reasons stated below, defendants' motion to dismiss is denied.

Plaintiff George Morgan, an inmate at the Stateville Correctional Center in Joliet, Illinois, brings this action *pro se* against Richard DeRobertis, the prison warden; Michael O'Leary and Salzador Godinez, assistant wardens; and Mel Allen, chairman of the Institutional Inquiry Board. Jurisdiction is invoked under 28 U.S.C. §§ 1331 and 1343 and violations of 42 U.S.C. §§ 1983, 1985 and 1986 are alleged. In addition, Morgan alleges that his first amendment rights have been infringed. On February 1, 1983, Morgan was granted leave to file in forma pauperis in this Court.

The following facts are alleged in the complaint. For purposes of this motion, the Court assumes they are true. *City of Milwaukee v. Saxbe*, 546 F.2d 693, 704 (7th Cir.1976). Furthermore, the Court recognizes its special obligation to give liberal construction to a *pro se* plaintiff's pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Caruth v. Pinkney*, 683 F.2d 1044, 1050 (7th Cir.1982).

On August 24, 1982, defendant O'Leary issued a "stop order" which prohibits Morgan's wife and brother from visiting Morgan in prison. Since that date, neither Morgan's wife nor brother have been al-

lowed to visit Morgan. Morgan has been informed by O'Leary that O'Leary's reason for issuing the "stop order" was that Morgan's wife and brother were "in possession of cannabis, or cannabis was found in [a] vehicle driven by plaintiff's wife" during a visit to the prison on August 17, 1982. Complaint, ¶s 3 and 7. O'Leary further informed Morgan that the "stop order" was issued on the belief that Morgan's wife was the owner and driver of the automobile in which the cannabis was allegedly found.

Morgan, however, informed O'Leary that the automobile was not owned by his wife and, in fact, she had "no idea" that the vehicle contained "any forms of drugs or cannabis." *Id.* ¶s 8, 19. Furthermore, Morgan alleges that neither his wife nor brother "carried such particle of drugs on their person, nor did either of them attempt to [e]nter the prison with described particles of drugs or cannabis." *Id.* ¶ 11. Thus, Morgan alleges that no violation of prison rules or Illinois law occurred as a result of his family's visit on August 17, 1982. Finally, Morgan's request that the "stop order" be rescinded was denied by O'Leary on September 2, 1982. Complaint, Exhibit (D)–4.

Morgan charges that defendants' "stop order" decision was arbitrary and capricious, discriminatory and not based on any legitimate state interest. Morgan seeks from this Court declaratory, injunctive and compensatory relief in the amount of $10,-000.

Defendants argue that Morgan's complaint fails to state a claim upon which relief can be granted. In support of their argument, defendants submit various exhibits to their motion which purport to suggest that: (1) Morgan never filed a grievance relating to the "stop order" with prison officials, and (2) the "stop order" was later rescinded by prison officials upon Morgan's request. In addition, defendants attach prison's visitation regulations in support of their contention that O'Leary's decision to issue the "stop order" was justified.

■ Although defendants' factual contentions may present a valid defense at trial (or possibly in a motion for summary judgment), it is axiomatic that such factual questions cannot be resolved on a motion to dismiss under Rule 12(b). In considering a Rule 12(b) motion to dismiss, a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972). The Court must accept as true all material facts well pleaded in the complaint, and must make all reasonable inferences in the light most favorable to the plaintiff. *City of Milwaukee v. Saxbe*, 546 F.2d 693, 704 (7th Cir.1976).

■ Although prisoners do not enjoy an absolute constitutional right to unrestricted visitation (*Lynott v. Henderson*, 610 F.2d 340, 342 (5th Cir.1980), restrictions on an inmate's visitation privileges cannot be imposed arbitrarily or discriminatorily. *See Thomas v. Brierley*, 481 F.2d 660 (3d Cir.1973). The facts alleged in Morgan's complaint are distinguishable from *Gooden v. O'Leary*, No. 82 C 2386 (N.D.Ill. Dec. 1, 1982). In *Gooden*, the inmate admitted that he violated prison rules by passing letters to his wife during a visit. *Id.* at 3. Furthermore, Gooden was afforded an adequate administrative remedy to persuade the assistant warden to rescind the "stop order." Finally, Gooden apparently conceded that no question of material fact existed in his case due to his pending motion for summary judgment before the court. *Id.* at 4. In this case, however, Morgan has alleged facts which, if proven at trial, would entitle him to relief. Morgan alleges that he has been denied visiting privileges because of defendants' mistaken belief that Morgan's wife violated legitimate prison rules. Morgan, therefore, has alleged sufficient facts to withstand a motion to dismiss under Fed.R.Civ.P. 12(b).

## CONCLUSION

Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6) is denied.

Accordingly, defendants are ordered to answer or otherwise respond to the plaintiff's complaint by April 26, 1984. Furthermore, the legal and factual issues raised by the complaint appear sufficiently complex to warrant the appointment of counsel for the plaintiff pursuant to 28 U.S.C. § 1915(d). *See Maclin v. Freake,* 650 F.2d 885 (7th Cir.1981).

IT IS SO ORDERED.