**HANNA MINING COMPANY, Appellant,**

v.

**MINNESOTA POWER AND LIGHT COMPANY, Appellee.**

No. 83–2625.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1984.

Decided July 31, 1984.

Rehearing and Rehearing En Banc Denied Oct. 3, 1984.

John M. Carroll, Debora L. Threedy, Mayer, Brown & Platt, Chicago, Ill., Robert H. Magie, III, Donovan, McCarthy, Crassweller & Magie, Duluth, Minn., for appellant.

Samuel L. Hanson, R. Scott Davies, Charles B. Rogers, Briggs & Morgan, P.A., Minneapolis, Minn., James R. Habicht, Minnesota Power & Light Co., Duluth, Minn., for appellee.

Before ROSS, ARNOLD and FAGG, Circuit Judges.

---

1. The Honorable Miles W. Lord, Chief Judge, United States District Court, District of Minnesota.

ROSS, Circuit Judge.

The Hanna Mining Co. (Hanna) brought this action to have the district court[1] declare that a contract, under which Minnesota Power and Light Company (MP & L) has supplied electric power to the Butler Taconite Project in Northern Minnesota, was no longer binding. The district court, 573 F.Supp. 1395, dismissed the action on two grounds: first, that the action is barred by 28 U.S.C. § 1342 (1976) (the Johnson Act) and, second, that certain other parties were "indispensable" within the meaning of FED.R.CIV.P. 19 and that their joinder would defeat jurisdiction based on diversity of citizenship.

## Facts

Hanna manages the Butler Taconite Project about 15 miles west of Hibbing on Minnesota's Mesabi Range. In 1974 Hanna, acting as agent for Inland Steel Mining Co. and Itasca Pellet Co., entered into an electric service agreement under which MP & L would annually supply up to 44,700 kilowatts of electricity to the taconite project. The contract provided that a minimum demand of 26,820 kilowatts, or 60% of the maximum, would be billed to and paid by Hanna whether the power was used or not. In 1981, MP & L petitioned the Minnesota Public Utilities Commission (MPUC) for a rate change. The MPUC concluded that the minimum demand provision in the contract was unreasonably preferential and ordered it abrogated. In its place, the MPUC established a 90% minimum payment. Hanna filed this suit after MP & L insisted that the agreement, as amended by the MPUC, continues in force. Hanna seeks damages for amounts allegedly improperly billed and a declaration that the entire electric service agreement is a nullity, without force and effect.

## Johnson Act

The Johnson Act of 1934 seeks to foreclose federal court interference with state control over intrastate utility rates. The Act provides:

The district courts shall not enjoin, suspend or restrain the operation of, or compliance with, any order affecting rates chargeable by a public utility and made by a State administrative agency or a rate-making body of a State political subdivision, where:

(1) Jurisdiction is based solely on diversity of citizenship or repugnance of the order to the Federal Constitution; and,

(2) The order does not interfere with interstate commerce; and,

(3) The order has been made after reasonable notice and hearing; and,

(4) A plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1342 (1976).

■ The Act is to be broadly applied to keep challenges to orders affecting rates out of the federal courts. *Tennyson v. Gas Serv. Co.*, 506 F.2d 1135, 1138 (10th Cir.1974); 1A J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 0.206 (2d ed. 1983).

■ Hanna contends that this case is purely a contract case and does not come within the ambit of the Johnson Act. They claim that it is pure fortuity that the contract term abrogated happened to involve rates. On the contrary any ruling by a court that Hanna may nullify the contract in the wake of the MPUC order would be an action that "restrain[s] the operation of, or compliance with, any order affecting rates * * *." 28 U.S.C. § 1342, *supra.* The MPUC order was a rate action for the purpose of the Johnson Act. The Minnesota Public Utilities Act defines rates as follows:

"Rate" means every compensation, charge, fare, toll, tariff, rental and classification, or any of them, demanded, observed, charged, or collected by any public utility for any service and any rules, regulations, practices, or *contracts affecting any such compensation, charge, fare, toll, rental, tariff, or classification.*

MINN.STAT.ANN. § 216B.02 (Supp.1984) (emphasis added). It is clear that the mini-

mum payment provision at issue involves a "rate" and is covered by this definition.

■ The remaining requirements of the Johnson Act are satisfied. Jurisdiction of this case is based solely on diversity of citizenship. The MPUC order does not interfere with interstate commerce and it was made after reasonable notice and hearing. Finally, Hanna may assert its contract claim in state court to receive a plain, speedy and efficient remedy. We hold that the Johnson Act prohibits federal jurisdiction in this case.

Because of our resolution of the Johnson Act issue we neither reach nor discuss the other issue raised by the appellant.

FAGG, Circuit Judge, dissenting.

I dissent.

The MPUC order in question simply declares that "[t]he existing minimum billing demand portion of the Butler-MP & L contract is hereby abrogated." The legal issue at hand concerns the effect of that abrogation on the viability of the electrical service agreement between Hanna and MP & L. Hanna does not challenge the order or MPUC's asserted statutory power to abrogate a material term of its negotiated power agreement with MP & L. Hanna only questions, as a matter of contract law, if it can be held to an agreement that is now radically different from the one it made.

The MPUC order has triggered, but it is not the subject of, the parties' dispute. MP & L is clearly mistaken when it argues that Hanna's action "would require the Court to question and interpret the MPUC's intent, analyze the reasonableness of the MPUC action and second-guess the MPUC's public policy choices." Hanna does not seek to "restrain the operation of, or compliance with," the MPUC order in this action. Hence, the Johnson Act has no application here.