**In re Milton SCHRAIBER, Debtor.**

**Alexander S. KNOPFLER, Trustee for Milton Schraiber, Plaintiff,**

**v.**

**Milton SCHRAIBER, et al., Defendants.**

**Bankruptcy No. 87 B 17144.**
**Adv. No. 88 A 877.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

March 22, 1989.

Bruce Dopke, Schwartz, Cooper, Kolb & Gaynor, Chtd., Chicago, Ill., for trustee.

Mark A. Spadoro, Chicago, Ill., for Lyons Sav. Bank.

Alexander S. Knopfler, Chicago, Ill., trustee.

## MEMORANDUM OPINION ON LYONS SAVINGS BANK'S MOTION TO DISMISS COUNTS 1 AND 51 OF THE FIRST AMENDED COMPLAINT

JACK B. SCHMETTERER,
Bankruptcy Judge.

### Pleadings and Issues

Defendant Lyons Savings Bank has moved to dismiss Counts 1 and 51 of the First Amended Complaint. For reasons set forth below, that motion is denied.

The Complaint filed by the Trustee seeks diverse relief including Court authority to sell a shopping mall located in Niles, Illinois (the "Mall"). Legal title to the Mall is held by the American Bank & Trust Company land trust no. 91305 (the "Trust"). The 100% beneficial interest to the Trust is alleged to be held by Oak Mill Associates, a limited partnership ("Associates"). The First Amended Complaint is comprised of 55 counts of which only Counts 1 and 51 contain allegations directed to Lyons. Count 1 seeks declaratory relief to establish that the Mall, the Trust, the Corner Lot and the Corner Lot Trust are property of the estate. This Count asks the Court to:

1. Declare that Associates is not a real partnership, but is in fact the alter ego of the Debtor Milton Schraiber;

2. Declare that the Trust is owned by the Debtor, Milton Schraiber; and

3. Determine the extent of each of the defendants' ownership and/or lien interests in the Mall, the Trust, a Corner Lot, and Corner Lot Trust.

Count 51 prays for sale of the Mall, and for the distribution of sale proceeds in accordance with the Court's findings under Count 1.

Lyons is holder of a note secured in part by the Mall property which the Trustee seeks to have declared property of the estate.

Lyons argues that Count 1 fails to state a claim upon which relief can be granted because it seeks declaration of rights and legal relations between the Trustee and Lyons as to alleged property of the estate before the Trustee first establishes that the estate has an interest in the property. Lyons contends that Count 51 also fails to state a claim upon which relief can be granted because it seeks a determination under 11 U.S.C. § 506(a) of the validity, priority or extent of liens or other interests in alleged property of the estate, and also seeks approval of a sale under 11 U.S.C. § 363 of such alleged property of the estate, without the Trustee having first established that the property which secures the debt due Lyons is property in which the estate has any interest.

Lyons further charges that it is not a necessary party to the action and has been improperly joined as a party in a 55 count complaint to which only two counts allegedly involve Lyons. Lyons states that there is "no basis for mandatory or permissive joinder of Lyons in this action." Alternatively, Lyons apparently suggests severance as to Counts 1 and 51.

Lastly, Lyons contends that the Bankruptcy Court lacks jurisdiction over the subject matter of Count 1 and 51. Jurisdiction is said to be lacking as to Count 1 because the alleged rights and legal relations between the Trustee and Lyons over the Mall, Trust, Corner Lot, and Corner Lot Trust sought to be declared, all involve property that has not yet been established to be property of the estate. The argument as to Count 51 is that the interest of the estate in property which secures the debt due Lyons has not been established

and the Court lacks jurisdiction to determine the liens, security interests or other interests of Lyons in property that is not property of the estate. In short Lyons contends the Court cannot consider sale of property until it is found to be property of the estate, but also contends that this Court cannot determine whether such property is or is not property of the estate.

The Trustee states in response, "[t]he fault in Lyons' argument is that the Complaint pleads that Schraiber owns the Trust (and therefore, the Mall), and for purposes of this motion, the allegations of the Complaint must be presumed to be true." Trustee's Brief in Opposition, p. 2. In the alternative, if the Court finds that Associates is a bona fide partnership, then Trustee argues that the Court could wind up Associates' affairs under Count 56 of the Complaint, and distribute the Mall's sale proceeds to Lyons in accordance with the Court's findings under Count 1.

Lyons argues in reply that:

.... Contrary to the Trustee's position that Lyons must accept the mere allegation that the estate's interest in the property is sufficient to confer jurisdiction upon the bankruptcy court, this court may treat the motion to dismiss as a motion for summary judgment and rule accordingly upon the evidence. Rule 12(b) F.R.Civ.P. The alleged property of the estate has not been scheduled by the debtor, the schedules are made under oath and the documents of beneficial or legal ownership of the property do not establish the estate's interest as property of the estate which the Trustee has authority to sell. Consequently, the estate's interest in the property is insufficient as a matter of law to establish bankruptcy court jurisdiction.

Lyons' Reply to Trustee's Brief, p. 3. However, Lyon's filed no affidavits or other materials pursuant to Rule 56 F.R. Civ.P., and no materials under Local District Rule 12(1). There is no basis for this Court to treat its motion as one for summary judgment.

While the Lyons motion appends an "Exhibit A" as to history of the property and its loan with respect thereto, such Exhibit is not supported by affidavit under Rule 56 F.R.Civ.P. or materials under Local Rule 12(1). That "Exhibit" is therefore not properly before the Court, and the motion to dismiss the Amended Complaint must be considered only upon the pleadings contained therein.

### Standards on Motions to Dismiss

In order for Lyons to prevail on its motion to dismiss, it must clearly appear from the pleadings that the Trustee can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Swanson v. Wabash, Inc.*, 577 F.Supp. 1308 (N.D.Ill.1983). The issue is not whether the Trustee will ultimately prevail, but whether the Trustee has pled a cause of action sufficient to entitle him to offer evidence in support of his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The Court must consider both pleaded facts and reasonable inferences drawn from pleaded facts, in a light most favorable to the plaintiff when reviewing a defendant's motion to dismiss. *Mescall v. Burrus*, 603 F.2d 1266, 1269 (7th Cir.1979); *City of Milwaukee v. Saxbe*, 546 F.2d 693, 704 (7th Cir. 1976); *Westland v. Sero of New Haven, Inc.*, 601 F.Supp. 163, 166 (N.D.Ill.1985); *Grant v. City of Chicago*, 594 F.Supp. 1441, 1445 n. 6 (N.D.Ill.1984); *Morgan v. DeRobertis*, 582 F.Supp. 271, 273 (N.D.Ill. 1984). Lyons' motion to dismiss does not address these well-settled principles.

### Jurisdiction

■ Lyons argues that the jurisdiction of the bankruptcy court to determine the validity, extent or priority of a lien in property, and to authorize the marketing and sale of property, must involve property of the estate. Lyons also asserts that the legal or equitable interest of the Debtor in the property is generally a question of state law.

The Debtor's interest in the subject property and that of other parties indeed involves questions under state law. How-

ever, it is not correct that only a state law court has jurisdiction to apply state law. Bankruptcy Courts apply state law or any other relevant authority in making determinations of what is estate property. *In re N.S. Garrott & Sons*, 772 F.2d 462, 465–66 (8th Cir.1985) *reh'g denied*, held:

Section 541(a)(1) of the Bankruptcy Code provides that the estate is comprised of all legal or equitable interests of the debtor in property, wherever located, as of the date the case is commenced.... The nature and extent of the debtor's interest in property are determined by state law. Property rights under section 541 are defined by state law. However, once that determination is made, federal bankruptcy law dictates to what extent that interest is property of the estate. (citations omitted)

In *N.S. Garrott & Sons*, the bankruptcy court made a determination that a certain fund was property of the estate. The district court affirmed that finding. At issue on appeal to the Eighth Circuit was whether the trial court erred in ruling that the entire fund was property of the estate. The Eighth Circuit held that its inquiry must begin with state law, because the Bankruptcy Code does not provide rules for deciding whether a debtor has an interest in any particular property. The court then went on to apply Arkansas law. The court did not dismiss the case so the state law issue could be decided by a state court, as movant here appears to suggest is necessary.

Should the Congress have intended Bankruptcy Courts to abstain from considering state law issues necessary to determination of cases within its jurisdiction, it would have enacted a far different set of laws. Indeed, analysis of state law issues to decide cases within our jurisdiction is an integral part of the daily work of the Bankruptcy Court. Were this Court to lack authority to decide such issues in cases and controversies otherwise within its jurisdiction, much of its work would grind to a halt so as to defer to litigation on crowded state court dockets. That is precisely what would happen here if movant were correct in view of the lengthy litigation history in state court between these parties, litigation that has no end in sight. If the Congress had intended that result and attendant delays to administration of bankruptcy estates, it would have said so.

The cases cited by Lyons are not to the contrary. *Matter of Simicich*, 71 B.R. 48 (Bankr.M.D.Fla.1987), held it to be well established that before a trustee can sell any property he must establish that the Debtor has a cognizable legal or equitable interest in the property at the commencement of the case. The court went on to determine the debtor's interest in the property in question. The court in the *Matter of Jones*, 768 F.2d 923, 927 (7th Cir.1985), stated:

Whether the debtor has an interest in property and, if he does, the nature of that interest, is not defined in the Code, and requires resort to non-bankruptcy law. Generally this means resort to state law, both to determine whether property is an asset of the debtor, and so included in the estate, and to determine the nature of the property rights in the assets of the estate. (citations omitted)

In *Maryland Nat. Indus. Fin v. Gold Dust Coal Co.*, 49 B.R. 288 (Bankr.N.D.Ill. 1985), parties other than the debtor and trustee sought a determination of their rights in funds of a wholly owned subsidiary of the debtor. The court found that assets of the debtor were not at issue and that the subsidiary's funds were not part of the debtor's estate. Therefore, the court held that it did not have core jurisdiction. *Maryland Nat. Indus. Fin.* is not relevant here where the Trustee is a party and claims the property at issue to be property of the estate.

Lyons argued further that:

.... the estate's interest in the property is contingent upon successful prosecution of the fraudulent transfer counts against certain defendants other than Lyons. Without successful prosecution of the fraudulent transfer counts, the interest of the debtor in the Mall, the Trust, the Corner Lot and the Corner Lot Trust is only that of a partner of a limited or

general partnership owning the 100% beneficial interest under the Trust and Corner Lot Trust. The bankruptcy court does not have jurisdiction over partnership property as a core or related proceeding.

Lyons' Memorandum in Support, pp. 3–4. Resolution of factual and legal issues determining whether the property is or is not property of the estate cannot be decided on the instant motion before the Court. Lyons seeks to have Counts 1 and 51 of the Complaint dismissed essentially because the Trustee has not proved them yet. Upon Lyons' motion this Court is now ruling only as to whether it has jurisdiction to determine whether the property is property of the estate, and whether the counts that are attacked are state law causes of action.

As stated in *Matter of Visioneering Const.*, 661 F.2d 119, 122 (9th Cir.1981), this "bankruptcy court clearly has the power in the first instance to determine whether it has jurisdiction to proceed." The Supreme Court recognized this power in *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376, 60 S.Ct. 317, 319, 84 L.Ed. 329 (1940), *reh'g denied*, 309 U.S. 695, 60 S.Ct. 581, 84 L.Ed. 1035 where it stated:

> lower federal courts are all courts of limited jurisdiction, that is, with only the jurisdiction which Congress has prescribed. But none the less they are courts with authority ... to determine whether or not they have jurisdiction to entertain the cause and for this purpose to construe and apply the statute under which they are asked to act.

This power is also recognized by statute, at 28 U.S.C. § 157(b)(3):

> The bankruptcy judge shall determine, on the judge's own motion or on the timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11....

Lyons further argues, at page 3 of its Memorandum In Support of Motion to Dismiss First Amended Complaint ("Lyons' Memorandum"), that this Court cannot assume jurisdiction over the sale of the Mall until after it enters judgment for the Trustee upon the fraudulent conveyance claims contained in Counts 2, 3 and 4 of the Complaint. Lyons' contention is faulty in fact and law.

Count 1 does not request or require a determination as to whether Schraiber fraudulently conveyed his interest in the Trust to Associates. Count 1 pleads that Schraiber *is* Associates, and that anything owned by Associates, is actually owned by Schraiber. Count 1 does not depend on the outcome of the fraudulent conveyance counts of the Complaint, and indeed, it is pleaded in the alternative to those counts. For purposes of this Motion under standards to be applied on motions to dismiss, the Court must assume that well pleaded allegations of Count 1 are true, and that the Debtor is the true owner of the 100% beneficial interest in the Trust. If that is found to be so, then the Court has clear jurisdiction to preside over the sale of the Debtor's property as requested in Count 51.[1]

Lyons argument is meritless as a matter of law. Neither *Wayne Film Systems Corp. v. Film Recovery Systems Corp.*, 64 B.R. 45 (N.D.Ill.1986), nor *In re Murchison*, 54 B.R. 721 (Bankr.N.D.Tex.1985), involved a challenge to the identity of the *owner* of the asset at issue, as the Trustee does herein. *In re Pentell*, 777 F.2d 1281 (7th Cir.1981), cited in Lyons' Memorandum, remanded that case for a factual determination by the lower court related to its jurisdiction to entertain the cause. *Pentell* requires this Court to make a similar factual determination herein, and the Court has chosen the proper way to make that factual determination: by placing Counts 1 and 51 of the Complaint on an expedited

---

1. In the alternative, if the Court finds that Associates is a bona fide partnership, then Plaintiff asks the Court to wind up Associates' affairs under Count 56 of the Complaint, and distribute the Mall's sale proceeds to Lyons in accordance with the Court's findings under Count 1. Count 56 has also been set for early trial together with Counts 1 and 51. The attack by certain Defendants on Count 56 will be separately dealt with.

trial schedule together with several other counts.

It appears that this Court has core jurisdiction under 28 U.S.C. § 157(b)(2)(A), (E), (K), (N). At a minimum, the trial that has been set will exercise this Court's jurisdiction to determine its jurisdiction over what is asserted to be property of the estate. Lyons' motion to dismiss is meritless and must be denied.

### Joinder

■ Without citation of authority, Lyons asserts that it has been improperly joined as a party defendant in Counts 1 and 51. Lyons' argument is inconsistent with the rules.

Federal Rules of Civil Procedure 19 (made applicable to this case by Bankruptcy Rule 7019) provides:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical mater impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest.

The test governing mandatory joinder under F.R.Civ.P. 19 is straightforward. The Court must join a party to a suit where the rights of other parties to the suit cannot be fully adjudicated without a determination of the joined party's interest in the subject matter of the cause. 3A J. Moore, *Moore's Federal Practice* ¶ 19.01–1[1], p. 19–17 and 19–18 (2d ed. 1987). Lyons is clearly a necessary party in interest whose interests are at stake and whose joinder is necessary to a complete adjudication of Counts 1 and 51 of the Complaint.

As previously noted, the Trustee's Complaint has one immediate objective: to sell the Mall and distribute the sale proceeds to the parties as their respective interests appear. No distributions can be made to the Trustee or any other alleged owner of the Trust and Mall, until Lyons' lien claim is satisfied. Moreover, as a party holding a secured interest in the subject property, it is a necessary party to Count 1 which seeks to adjudicate ownership of that property and the nature and amounts of liens thereon. It is thus inconceivable that the Court could grant complete relief to the Trustee absent Lyons' joinder in this proceeding. To the extent Lyons' present Motion can be read as a request to have Lyons dismissed from this action for improper joinder, that request must be denied. To the extent Lyons' motion can be read as a request for severance of these Counts from other parts of the Amended Complaint, the Court has already granted such relief in substance by severing Counts 1 through 4, 51, and 56 for trial on a "fast track" starting April 24, 1989, a trial schedule separate from the other counts and expedited.

### Conclusion

Lyons' motion to dismiss for lack of jurisdiction will be denied. A bankruptcy court has jurisdiction to determine whether disputed property is property of the estate, and thus to decide whether the bankruptcy court has jurisdiction over such property to order its sale.

Likewise, Lyons' request to dismiss on grounds of asserted improper joinder is denied. Lyons is a necessary party in order that the Trustee can be awarded the full relief he requests, should the evidence show that he is entitled to such relief. The estate's interest in the property at issue could not be fully determined without a determination being made as to the extent and nature of Lyons' lien on such property. Counts 1 and 51 need not now be severed from the other Counts because this Court has already put these counts on a "fast track" for separate trial with a few other related counts.