**UNITED STATES of America,**
**Appellant,**

v.

**John H. ALLEN, Trustee in Bankruptcy**
**of the Estate of Vista Liner Coach &**
**Trailer, Inc., Appellee.**

**No. 10014.**

United States Court of Appeals
Tenth Circuit.

May 29, 1968.

H. J. Saperstein, Salt Lake City, Utah, filed a motion to dismiss for appellee.

Mitchell Rogovin, Asst. Atty. Gen., and Lee A. Jackson, Karl Schmeidler, Washington, D. C., and Frank X. Grossi, Jr., Arlington, Va., filed a response for appellant.

Before MURRAH, Chief Judge, and LEWIS, Circuit Judge.

PER CURIAM.

The threshold question presented by this appeal is whether the challenged order of the Referee in Bankruptcy is reviewable under 11 U.S.C.A. § 47. The appellant filed a claim against the bankrupt estate asserting its priority as a tax claimant. The trustee filed his objections to the government's claims and also filed a counter-claim against the United States. The United States moved to dismiss the counter-claim on the ground that the bankruptcy court lacked jurisdiction over the subject matter of the counter-claim. The Referee reserved ruling on the motion to dismiss and ordered the appellant to respond to the merits of the counterclaim without prejudice to the jurisdictional question previously presented in the motion to dismiss. Upon petition for review, the district court affirmed the order of the Referee. The United States has perfected an appeal to this court from this order.

It is true that virtually all interlocutory orders in proceedings in bankruptcy are appealable under 11 U.S.C. § 47. But this court has held that "an interlocutory order which determines nothing adversely to the asserted rights of a party is not reviewable on direct appeal therefrom." De Laney v. City Investment Co., 224 F.2d 808, 810 (10th Cir. 1965). The bankruptcy court's administration of the bankrupt estate should not be hindered "by appeals from orders which are indecisively procedural and which do not determine some controversy or decide some step in the course of the bankruptcy proceedings." General Electric Company v. Beehive Telecasting Corporation, 284 F. 2d 507, 509 (10th Cir. 1960). The Referee's order did not determine the jurisdictional question adversely to either party. It was clearly "indecisively procedural" and not appealable.

Appellee's motion to dismiss is granted and the appeal is dismissed.