**Marcial Eloy BALDONADO, d/b/a Baldonado Trucking, and Priscilla Silva Baldonado, his wife, Appellants,**

v.

**FIRST STATE BANK OF RIO RANCHO, a New Mexico Corporation, Appellee.**

No. 75–1981.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Nov. 16, 1976.

Decided Feb. 28, 1977.

Louis Puccini, Jr., of Miller & Melton, Ltd., Albuquerque, N.M., for appellants.

Joe A. Duran, Albuquerque, N.M., for appellee.

Before SETH, BREITENSTEIN and McWILLIAMS, Circuit Judges.

PER CURIAM.

In the bankruptcy proceedings, a complaint was filed by the First State Bank of Rio Rancho to have a determination made that the debt owed to it by the bankrupt was nondischargeable (Rule 701). The bankrupt filed a motion to dismiss the complaint as having been filed too late, it having been filed some six months after the last day set for such a filing.

The bankruptcy judge denied the motion to dismiss, but entered no other orders relative to extensions of time or as to any other matter. The appellant-bankrupt took an appeal from the denial of his motion to the district court, and it affirmed the bankruptcy court's ruling on the motion. The appellant thereupon took this appeal.

Much has been written on the problem of interlocutory appeals in bankruptcy proceedings, and there is no need to add to the literature. If this is a "proceeding" in bankruptcy, even with the new complaint procedure, we must hold that the order appealed from did not dispose of a substantive right. *General Electric Co. v. Beehive Telecasting Corp.,* 284 F.2d 507 (10th Cir.). As we said in *Sherr v. Sierra Trading Corp.,* 492 F.2d 971 (10th Cir.): "An interlocutory order to be appealable must have been a determination of some right or duty following hearing." *See also Cope v. Aetna Finance Co.,* 412 F.2d 635 (1st Cir.); and 2 Collier, Bankruptcy, 14th Ed., § 24.39. This issue as it relates to a tax claim was carefully considered recently in *In re Durensky,* 519 F.2d 1024 (5th Cir.), where the standard to be applied to the order was whether it had "definitive operative finality." Also, as therein described, the appellate court's jurisdiction is limited in bankruptcy matters as contrasted to that of the district court.

The issue as to the timeliness of the complaint is still a question to be considered by the bankruptcy court at hearing, and by the district court. The denial of appellant's motion only permitted the matter to be considered formally and we must hold that the order did not dispose of a substantive right. Thus the order was not appealable, and the appeal is hereby dismissed.