**Karen ALBRECHT, et al., Appellants,**

v.

**W. Lamont ROBISON, Trustee and Grove Finance Company, Debtor, Appellees.**

**Civ. Nos. C 83–0547, C 83–0650, C 83–0690 and C 83–0700.**

United States District Court, D. Utah, C.D.

Dec. 28, 1983.

Ronald G. Schiess, Matthew F. Hilton, Noel S. Hyde, Salt Lake City, Utah, for appellants.

Brenda Flanders, Gerald H. Suniville, Salt Lake City, Utah, for appellees.

## MEMORANDUM OPINION and ORDER

JENKINS, District Judge.

Appellants appeal an Order of the United States Bankruptcy Court for the District of Utah denying their Motion to Dismiss and/or Abstain and Motion for Judgment on the Pleadings. Oral arguments were heard on October 14, 1983. After careful consideration of the oral arguments and briefs, the Court enters the following Memorandum Opinion and Order.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 22, 1980, Debtor Grove Finance Company filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. On September 5, 1980, the Bankruptcy Court heard a motion to appoint a trustee and orally announced in open court W. LaMont Robison's appointment as Trustee. A minute entry was made of the announcement. On September 9, 1980, a written order appointing Robison Trustee was executed by the Bankruptcy Judge and docketed by the bankruptcy court clerk. On September 8, 1982, the Trustee filed a complaint in the Bankruptcy Court to recover various alleged preferential transfers pursuant to 11 U.S.C. § 547. Among others, that complaint sought relief against Appellants.

Various Appellants moved the Bankruptcy Court to dismiss Trustee's complaint and others moved for judgment on the pleadings. Both motions asserted that the statute of limitations found in 11 U.S.C. § 546(a) barred the Trustee's action. Appellants alleged that the Bankruptcy Judge appointed the Trustee on September 5, 1980 by oral announcement and that the statute of limitations, began running from that date. Appellee argued that the Trustee was not appointed until the written order was executed and docketed on September 9, 1980 and that the statute of limitations began running from that date. The Bankruptcy Judge denied Appellants motions May 10, 1983 by a written order. Appellants appeal that Order.

### DISCUSSION

Actions brought under § 547 are subject to a two-year statute of limitations. 11 U.S.C. § 546(a) (1976). Section 546(a) states: "An action or proceeding under section ... 547 ... of this title may *not* be commenced after the earlier of: (1) two years after the appointment of a trustee under section 702, *1104,* 1163 and 1302 of this title; ...." *Id.* (emphasis added). This case is concerned with an 1104 appointment. Section 1104 states in pertinent part as follows:

(a) At any time after commencement of the case but before confirmation of a plan, on request of a party in interest, and after notice and a hearing, the court

shall *order the appointment* of a trustee—

.... 

(c) If the court orders the appointment of a trustee ..., if a trustee ... dies or resigns ... or is removed ..., or if a trustee fails to qualify under section 322 of this title, then the court shall appoint one disinterested person to serve as trustee ... in the case.

11 U.S.C. § 1104 (1976). If a court "orders the appointment" of a trustee under subsection (a), in what form must the court pursuant to subsection (c) appoint a "disinterested person to serve as trustee ... in the case"? Does the court appoint a subsection (c) trustee by oral announcement in court or does the court appoint by formal written order signed and docketed?

*Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803), offers a unique and interesting analogy. Marbury sued to compel delivery of a commission as Justice of the Peace signed by President John Adams and sealed by the Secretary of State. The Supreme Court observed that Marbury could only compel delivery if he was entitled to receive that commission. Furthermore, Marbury could only be entitled to the commission if he had been "appointed to the office." *Id.* at 153–55. The Supreme Court distinguished between three acts: the nomination, the appointment and the commission. After the President's nomination, the appointment was completed by the Senate giving its approval and the President signing the commission, evidenced only by the commission itself. That commission, however, could not become conclusive evidence of the appointment, until the President had performed everything necessary to complete the appointment. The Supreme Court determined that the last act required was the President's signature. Once signed, "he had acted on the advice and consent of the Senate; the time for deliberation had passed; the appointment was complete." *Id.* at 155–58.

■ Similarly, in Appellant's case, although a trustee may be suggested and the court may preliminarily announce a selection in open court, this Court is of the opinion that the operative act of appointment is the Judge's signature upon a written order of appointment. The signed written order gives notice to the designated trustee of his appointment and of his opportunity to qualify within five days by filing a bond. It may be used after qualification as conclusive evidence of the trustee's commission and trustee's entitlement to exercise his lawful powers. Further, it may reflect either affirmance of an announcement by the bankruptcy court or a change of mind by the bankruptcy court between announcement and formal order.

Appellants suggest that a minute entry by a clerk of an announcement is the equivalent of a formal order. Trustee appellee argues a minute entry by a clerk is not the equivalent of a formal order. Trustee further suggests that the appointment of a trustee requires a "separate document" pointing to Rule 58 of the Federal Rules of Civil Procedure and Rules 921 and 9021 of the Bankruptcy Rules.[1]

■ In my opinion there are two good reasons why neither rule is controlling or directly on point: First, the cited rules are concerned with judgments which are appealable. Fed.R.Civ.P. 54(a); Fed.Bankr.R. 9001 and 9002. The order appointing a trustee, however, is not appealable. First, such an appointment is not a final decision of a litigated matter. *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 634, 89 L.Ed. 911 (1945). Second, although some interlocutory orders in bankruptcy proceedings may be appealable, the uncontested

---

1. Appellee relies primarily on cases interpreting Rule 58, because Rule 921 was derived from Rule 58 and there is very little case law interpreting Rule 921. Appellants suggest that Rule 9021, the amended version of Rule 921 which became effective on August 1, 1983, does not require a formal order embodied in a separate document. Appellants cite as support the Advisory Committee Note which states: "There is no sound reason to require that every order in a case under the Code be evidenced by a separate document." 1983 U.S.Code Cong. & Admin.News G289.

appointment of a trustee is not. The United States Court of Appeals, Tenth Circuit, has held that an appealable order must dispose of a substantive right. *Baldonado v. First State Bank of Rio Rancho,* 549 F.2d 1380, 1381 (10th Cir.1977). The court also stated in *United States v. Wilshire Apartments, Inc.,* 590 F.2d 876 (10th Cir.1979), that "orders which are indecisively procedural and which do not determine some controversy" are not appealable. *Id.* at 881 (quoting *United States v. Allen,* 395 F.2d 752 (10th Cir.1968)). The Bankruptcy Judge's uncontested order appointing a 1104 trustee was procedural. It involved no controversy and was not subject to appeal.

■ Further, the separate document requirement is concerned with an entirely different matter than what is at issue in this case. The 1963 amendment to Rule 58 was enacted to eliminate the uncertainty about when the time for appeal of final judgments began to run, Fed.R.Civ.P. 58 (See Notes of Advisory Committee discussing the 1963 amendment), and not to determine the moment in time when a court officer has been appointed.

The rationale of the 1963 amendment to Rule 58, however, lends some weight to the appropriateness of a formal order signed by the Bankruptcy Judge. Prior to that amendment, litigants often suffered a dismissal of an appeal because of confusion as to when the time for appeal began to run. In those cases, litigants appealed from a document or docket entry that appeared to be a final judgment. Some courts of appeal, however, dismissed such an appeal as untimely, declaring an earlier document or entry to be the final judgment. *See, e.g., Matteson v. United States,* 240 F.2d 517 (2d Cir.1956). Rule 58 was amended to establish greater certainty.

Appellants propose that even if the rationale of Rule 58 is applied, the separate document requirement is flexible and therefore is not required in this case. Although some cases cited by Appellants are pre-amendment and not helpful, Appellants are correct that Rule 58 has been interpreted by

some post-1963 cases. Appellants' application of post-amendment cases in this matter is misplaced.

Appellants rely primarily on *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978).[2] *Bankers Trust* modified the earlier case, *United States v. Indrelunas,* 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973), which strictly applied the separate document requirement of Rule 58 in every case. *Bankers Trust,* however, adopted a common sense approach; the Supreme Court held that where an appeal is merely premature or where a separate document is accidentally never filed, the appeal should not be dismissed for lack of a separate judgment. 435 U.S. at 385–86, 98 S.Ct. at 1120–21.

The Supreme Court in *Bankers Trust* explained the purpose of the separate document requirement:

> The separate document requirement was thus intended to avoid the inequities that were inherent when a party appealed from a document or docket entry that appeared to be a final judgment of the district court only to have the appellate court announce later that an earlier document or entry had been the judgment and dismiss the appeal as untimely.

435 U.S. at 385, 98 S.Ct. at 1120. If the Court accepts appellants' argument that the statute of limitations began to run from September 5, when the Bankruptcy Judge orally announced the Trustee's appointment, the result would be exactly what the separate document rule intended to avoid. The Trustee's action, filed in reliance on the finality of the September 9th written order, would be dismissed as untimely.

The Supreme Court also explained the injustice of dismissing a premature appeal.

> Certainly as to timeliness, however, is not advanced by holding that appellate jurisdiction does not exist absent a separate judgment. If, by error, a separate judgment is not filed before a party appeals, nothing but delay would flow from requiring the court of appeals to dismiss

---

**2.** Many of Appellants' courts of appeals' decisions merely apply *Bankers Trust.*

the appeal. Upon dismissal, the district court would simply file and enter the separate judgment, from which a timely appeal would then be taken. Wheels would spin for no practical purpose.

*Id.* This case would be more parallel with *Bankers Trust's* facts if the trustee had filed its action on September 7, before the September 9th written order was executed. Under *Bankers Trust,* that action would not be dismissed as premature.

The Supreme Court quoting Professor Moore stated: "The rule should be interpreted to prevent loss of the right of appeal, not to facilitate loss." *Id.,* 435 U.S. at 386, 98 S.Ct. at 1121 (quoting 9 J. Moore, Federal Practice ¶ 110.08(2), p. 120 n. 7 (1970)). To accept Appellants' arguments would be to facilitate loss. Therefore, *Bankers Trust's* interpretation of the separate document rule only fortifies that a written order signed by the Bankruptcy Judge is the act of appointment. We, however, are not concerned with a "separate document", we are concerned with the only document.

Appellants also argue that the Bankruptcy Judge's allowance of interim compensation for work done before the September 9th order was signed is conclusive evidence of the appointment being completed on September 5. The propriety of a Trustee's interim compensation, however, is a separate question which is not before this Court.

So much flows from the status of the Trustee,[3] from the running of time limitations to the power to deal with Debtor's property, that it is appropriate that the order of appointment be formalized, that it bear the signature of the Bankruptcy Judge, thus evidencing unambiguously to all the world the commission and authority of the Trustee to act as well as provide for him a discrete time frame within which he must act.

Accordingly, the Decision of the Bankruptcy Court is AFFIRMED.

**3.** 11 U.S.C. § 1106 specifies the trustee's duties in a chapter 11 reorganization. Other sections dealing with a trustee's duties include 323, 704 and 1302.