In re BOB GRISSETT GOLF SHOPPES, INC.

Gerald O'DONNELL, Trustee, Appellant,

v.

The WASHINGTON POST, Appellee.

Civ. A. No. 85–1260–A.

United States District Court, E.D. Virginia, Alexandria Division.

March 6, 1986.

John W. Thyden, Springfield, Va., for appellant.

Stephen C. Greenberg, Murphy, McGettigan & West, Alexandria, Va., William J. Perlstein, Wilmer, Cutler & Pickering, Washington, D.C., for appellee.

## MEMORANDUM OPINION

HILTON, District Judge.

This is an appeal from an order of the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division, Hon. Martin V.B. Bostetter, Jr. presiding. That order dismissed an action under 11 U.S.C. § 547 filed by John W. Thyden, an attorney, purportedly on behalf of the trustee, against the Washington Post, Inc. The suit sought to recover certain allegedly preferential payments made by the debtor, Bob Grissett Golf Shoppes, Inc. The grounds for dismissal were (1) the two year statute of limitations contained in 11 U.S.C. § 546, and (2) that Mr. Thyden was not a "disinterested person" who could serve as counsel for the trustee as required by 11 U.S.C. § 327.

The bankruptcy case of Bob Grissett Golf Shoppes, Inc. was commenced by the filing of a petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 *et seq*, in the court below on November 5, 1982. No trustee was appointed at the time of the filing of the petition, and the debtor remained in possession.

On August 5, 1983, upon motion of a number of creditors and order of the Bankruptcy Court, the United States Trustee appointed Gerald M. O'Donnell as trustee in this case pursuant to 11 U.S.C. § 151104(c). On August 8, 1983, Mr. O'Donnell filed the required bond with the Bankruptcy Court. On August 9, 1983, the Bankruptcy Court entered an order ratifying the appointment of Mr. O'Donnell as trustee in the case.

On August 8, 1985 the adversary proceeding against the Washington Post, Inc. was filed by Mr. Thyden. The Post moved to dismiss the suit. The Bankruptcy Court agreed with the Post and entered an order of dismissal October 22, 1985 on two grounds. First, it was held that the two year statute of limitations period established by § 546(a) commenced with the appointment of the trustee by the United States Trustee and had expired before the case was brought by Mr. Thyden. Second, the court also agreed with the Post that Mr. Thyden could not represent the trustee because he was not a "disinterested person" as required by § 327. Mr. Thyden filed the instant notice of appeal on October 3, 1985.

This Court has jurisdiction to hear this appeal by virtue of 28 U.S.C. § 158(a). The applicable standard of review is whether the findings of the Bankruptcy Court were clearly erroneous. Bankruptcy Rule 8013.

Because I believe the § 547 action was timely filed, the order of the Bankruptcy Court will be reversed and remanded.

The two year statute of limitations for actions to set aside a preference is contained in 11 U.S.C. § 546(a)(1). That two year period begins to run "... after the appointment of a trustee under section 702, 1104, 1163, or 1302 ..." *Id.* Because the Eastern District of Virginia is a "pilot district", *see* 11 U.S.C. § 1501(4), appointments under § 1104 are governed by the provisions of 11 U.S.C. § 151104. That section provides among other things that if the court orders the appointment of a trustee, "then the United States Trustee, after consultation with parties in interest, shall appoint, subject to the court's approval," the trustee. Since the complaint in issue was filed on August 8, 1985, less than two years from the Bankruptcy Court's approval of the United States Trustee's choice, but more than two years from the appointment itself, that four day period takes on great significance.

The Washington Post argues that "appointment" of trustees occurs when the United States Trustee signs the order of appointment. No cases have been found by either the parties or the court involving the § 546—§ 151104 interplay. However, the Post analogizes the § 151104 appointment and court approval to Chapter 7 cases where courts have held that the date of appointment and not the later date of qualification for office triggers the two year limitations period of § 546(a). *See In re Black & Geddes, Inc.,* 35 B.R. 827 (BKRTCY S.D.N.Y.1983); In the matter of *Killian Construction Co., Inc.,* 24 B.R. 848 (BKRTCY D. IDAHO 1982).

The trustee contends that the appointment is not complete until the Bankruptcy Judge approves the trustee's appointment. The court below disagreed.

■ I believe the proper interpretation of the commencement of the § 546 period of limitations in § 151104 pilot district appointments is that the period begins to run when the U.S. Trustee's appointment of a trustee in a bankruptcy case is approved by the Bankruptcy Judge.

In *Albrecht v. Robison,* 36 B.R. 913 (D. Utah 1983) the Bankruptcy Judge, upon motion to appoint a trustee in a non pilot district, orally announced an appointment in open court. A minute entry was made of the announcements by the court clerk that same day. Several days later, a written order was entered by the Bankruptcy Judge and docketed by the clerk. Two years from a time between the oral announcement and written order, a suit was instituted by the trustee to recover certain preferential transfers. In ruling on the correct date of commencement of the two year statute of limitations, the District Judge, on appeal, ruled that it was the later date of the written order of appointment which controls. I find the Judge's remarks in his ruling instructive in the present case:

> So much flows from the status of the Trustee, from the running of time limitations to the power to deal with Debtor's property, that it is appropriate that the order of appointment be formalized, that it bear the signature of the Bankruptcy Judge, thus evidencing unambiguously to all the world the commission and authority of the Trustee to act as well as provide for him a discrete time frame within which he must act. (footnote omitted).

36 B.R. at 917.

So too in a pilot district is there a two step process of appointment. Although the U.S. Trustee designates a trustee by appointment, it is subject to approval by the Bankruptcy Judge. It is the formal order of appointment bearing the signature of the Bankruptcy Judge which unambiguously evidences the commission and authority of the trustee to act. It is the date of the Bankruptcy Judge's order which should start the running of the statute of limitations.

A contrary rule could lead to unacceptable results. This case is before the Court because lawyers cannot agree as to when the statute of limitations began to run in this case. The handling of bankruptcy claims in a fair and equitable manner requires certainty as to limitation of actions. That certainty can only be had

with a definite, unambiguous date. The statute of limitation must commence to run upon the approval of the trustee by the Bankruptcy Judge.

█ Turning to the second ground of dismissal, whether Thyden was a "disinterested person", I believe reversal is also required. 11 U.S.C. § 327 sets forth the requirements pertaining to the trustee's employment of professional persons, including attorneys. One limitation on such employment is that the professional be a "disinterested person." *See* § 327 (a) and (e). 11 U.S.C. § 101(13)(D) defines "disinterested person" as someone who, among other things, "is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor ..." The Bankruptcy Judge determined, from the evidence before him that Mr. Thyden had been so employed and was therefore not a "disinterested person." While I cannot say that such a determination was clearly erroneous, the Bankruptcy Judge further ruled that the trustee's action should be dismissed due to the interest. I believe the latter ruling was in error.

§ 327 does set parameters on those persons qualified for employment by the trustee. In order to receive compensation for their services, professionals must meet the qualifications of § 327 which includes Bankruptcy Court approval. However, it is possible that the trustee could retain a professional, that the professional expend time and labor for the benefit of the trustee prior to Bankruptcy Court approval of his employment, yet still receive compensation for the prior employment upon an order *nunc pro tunc. See In re King Electric Company, Inc.,* 19 B.R. 660 (E.D.Va. 1982) (Bankruptcy Judge abused his discretion in failing to consider entering an order *nunc pro tunc*). In that case Judge Warriner recognized that equitable principles may enter into bankruptcy code adjudication.

In the present case I do not believe dismissal of the action was appropriate. Although Mr. Thyden could be barred from compensation or ethically restrained from representation and required to withdraw as counsel, § 327 qualification should have no bearing upon the pendency of the trustee's action. Attorneys sometimes file suit on behalf of a client and subsequently discover a conflict mandating withdrawal; however, the client-party may substitute counsel or represent himself in certain cases.

The principles of equity require that such a conflict should not determine the validity of a claim. All claims should be decided on their merits and not on the issue of whether their counsel had a conflict of interest in the case.

In accordance with the foregoing, I find the decision of the Bankruptcy Court to be clearly erroneous and reverse and remand the case for reinstatement on the Bankruptcy Court docket.