831 F.2d 97
 56 USLW 2294, 17 Collier Bankr.Cas.2d 941,
16 Bankr.Ct.Dec. 1169, Bankr. L. Rep. P 72,108
 In re MORTGAGEAMERICA CORP., Debtor.
MORTGAGEAMERICA CORP. for and on Behalf of Gary J. KNOSTMAN,
Trustee for the Estate of MortgageAmerica Corp.,
Plaintiff-Appellant,
v.
AMERICAN FEDERAL SAVINGS & LOAN, Defendant-Appellee.
 No. 86-2994.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 4, 1987.
 
 Richard L. Fuqua, Bruce A. Atkins, Houston, Tex., for plaintiff-appellant.
 Tracy E. Friedman, Janet M. Douvas, Houston, Tex., for defendant-appellee.
 Appeal from the United States District Court for the Southern District of Texas.
 Before BROWN, POLITZ and JOLLY, Circuit Judges.
 PER CURIAM:
 
 
 1
 MortgageAmerica is the debtor in a Chapter 11 bankruptcy proceeding. It filed a complaint seeking to avoid certain transactions on the grounds of voidable preference and fraudulent transfer. The district court dismissed the complaint as barred by the two-year statute of limitations governing such avoidance actions. This case turns on whether nunc pro tunc language is effective for the purposes of the statute of limitations in bankruptcy proceedings. We hold that it is and affirm.
 
 
 2
 * In August 1981, MortgageAmerica was forced into involuntary bankruptcy. On January 12, 1983, the bankruptcy court orally appointed a trustee for MortgageAmerica's estate. Although the clerk of the court noted the appointment on the docket sheet, the bankruptcy court did not enter a written order at that time. On June 10, 1983, the bankruptcy court finally entered a written order appointing the trustee. The court's order included nunc pro tunc[1] language, making the trustee's appointment effective from January 12, 1983, the date of the oral appointment.
 
 
 3
 On June 10, 1985, MortgageAmerica filed a complaint against American Federal Savings & Loan, et al., ("American") for voidable preference and fraudulent transfer, pursuant to sections 547 and 548 of the Bankruptcy Code.[2] American moved to dismiss the complaint on the ground that it was filed more than two years after the appointment of the trustee and was thus barred by the limitation provision in 11 U.S.C. Sec. 546(a).[3] American argued that the operative date for commencing the limitations period was January 12, 1983, the date on which the trustee was orally appointed and the date from which the bankruptcy court's nunc pro tunc order made the appointment effective. MortgageAmerica's position is that the limitations period commenced when the bankruptcy court entered the written order formalizing the appointment on June 10, 1983.
 
 
 4
 The district court dismissed the suit. The court held that as a matter of law, the trustee was appointed on January 12, 1983, so that the suit filed on June 10, 1985, was barred by the two-year statute of limitations. MortgageAmerica appealed.
 
 II
 
 5
 This appeal presents an issue of first impression. For its position that the limitations period commences when the bankruptcy court enters a written order formalizing the appointment, MortgageAmerica relies on Albrecht v. Robinson, 36 B.R. 913 (S.D.Utah 1983). There the trustee was orally appointed on September 5, 1980, but a written order by the court was not entered until September 9, 1980. The trustee, apparently relying on the written order, filed a complaint for voidable preference on September 8, 1982. The court held the action timely, reasoning that a written order of appointment is necessary to "[evidence] unambiguously to all the world the commission and authority of the trustee to act as well as provide for him a discrete time frame within which he must act." Albrecht, 36 B.R. at 917.
 
 
 6
 We agree that the limitations period under section 546(a) should commence consistent with the appointment of the trustee through a written order. Unlike an oral appointment in open court, which may or may not be noted on the court docket sheet, a written order unambiguously signifies the court's final determination that the trustee is appointed and serves clear notice of the date of that appointment to all who examine the case file. "The handling of bankruptcy claims in a fair and equitable manner requires certainty as to limitation of actions. That certainty can only be had with a definite unambiguous date." In re Bob Grisset Golf Shoppes, Inc., 58 B.R. 996, 998 (E.D.Va.1986). Knowledge of the limitations period is important not only to the trustee and the creditors against whom avoidance actions may be brought, but also to entities such as a creditor's committee which may in some circumstances have the right to initiate an avoidance action. See In re STN Enterprises, 779 F.2d 901, 904 (2d Cir.1985); 4 Collier on Bankruptcy p 547.21 (L. King 15th ed. 1987). We have no doubt that, as a general rule, commencing the limitations period of section 546(a) on the date of the written order appointing the trustee best furthers the policy of providing litigants with certainty in regard to the time periods in which actions can be prosecuted.
 
 
 7
 In the case before us today, however, this conclusion does not end our inquiry. In this case, the written order formalizing the trustee's appointment provided that the appointment was effective from the date of the oral announcement.
 
 
 8
 MortgageAmerica, although apparently conceding that no per se rule exists against giving effect to nunc pro tunc orders in bankruptcy, argues that this language should not be given effect here. MortgageAmerica fails, however, to identify any good reason for its position, and we perceive none. This court established in Triangle Chemicals, Inc. v. Hensley, 697 F.2d 1280 (5th Cir.1983), that nunc pro tunc orders are allowed in bankruptcy proceedings where the judge feels that the circumstances require it, as a result of a previous oversight or omission.[4] The court rejected a per se rule and limited its holding to permit nunc pro tunc relief only in rare or exceptional circumstances. "We only hold that, where through oversight the attorney has neglected to obtain [approval as required by the bankruptcy statutes] but has continued to perform services for the debtor ... the bankruptcy court retains equitable power in the exercise of its sound discretion, under exceptional circumstances, to grant such approval nunc pro tunc, upon proper showing." Triangle, 697 F.2d at 1289.
 
 
 9
 On its face, the bankruptcy court's strict rule that a section 546 statute of limitations period is commenced only upon a written order could be read to mean that nunc pro tunc language in the order is ineffective. The bankruptcy rules, however, are designed merely to alleviate any uncertainty among the trustee and the parties as to the limitations of actions.
 
 
 10
 The record suggests that the trustee here was in fact appointed in January 1983 and that it was only an oversight that no written order to that effect was immediately entered. Apparently realizing the oversight, the bankruptcy court entered an order in June 1983 to formalize its appointment. Giving retroactive effect to this order served both to provide interested parties clear notice of the date on which the limitations period commenced and to preserve Congress's intent that avoidance actions be brought within two years of the time the trustee is appointed and begins to function.
 
 
 11
 Moreover, we do not see that the order resulted in any unfair prejudice to MortgageAmerica. The court's order made clear that the appointment was effective from January 12, 1983. Thus, a simple reading of the order and section 546(a) should have given ample notice that the limitations period would expire in January 1985. MortgageAmerica was well aware of the existence of this cause of action against American and the other defendants, even before the time the trustee was appointed. This case is not, therefore, one in which the combination of the lack of a contemporaneous written order and a later nunc pro tunc order left a party without adequate time in which to investigate and bring its complaint.
 
 
 12
 Where the failure to issue a written order initially is only an oversight, the oral appointment has given effective actual notice of the appointment and the language of the later written order makes clear the effective date without undue prejudice to either party, the policy of certainty is fulfilled. In short, when a nunc pro tunc order meets the limiting requirements described in Triangle, it will be given its intended effect.
 
 
 13
 Because the nunc pro tunc order issued here meets these requirements and for the reasons described above, the judgment of the district court is
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 Nunc pro tunc translates "now for then." Triangle, 697 F.2d at 1285 (citing 2 Collier on Bankruptcy p 327.92 at 327, 5-7)
 
 
 [2]
 MortgageAmerica states that it filed the complaint because the trustee had a conflict of interest that prevented it from suing American. On September 9, 1986, the district court signed an order authorizing MortgageAmerica to prosecute its complaint without the approval of the trustee. Neither party challenges that order
 
 
 [3]
 That section provides:
 An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of--
 (1) two years after the appointment of a trustee under section 702, 1104, 1163, or 1302 of this title; or
 (2) the time the case is closed or dismissed.
 
 
 [4]
 Triangle concerned an attorney who continued to perform services for his debtor client after the debtor had filed for Chapter 11 bankruptcy. Several months later, the attorney sought fees, but the trial court held that it had no discretion to award attorney's fees for services rendered prior to a formal appointment. This court remanded the case to allow the judge to exercise discretion in issuing a nunc pro tunc order which would have retroactive effect and allow the attorney to collect his fee