## In re GLENCO INTERNATIONAL CORPORATION, Debtor.

## In re GLENCO PIPELINE CORPORATION, Debtors.

**V. Burns HARGIS, as Trustee of Glenco International Corporation and Glenco Pipeline Corporation, Plaintiff,**

v.

**Iva CONE, an individual, Defendant.**

**Bankruptcy Nos. BK–87–4179–LN, BK–87–4180–B.**
**Adv. No. 89–0457.**

United States Bankruptcy Court, W.D. Oklahoma.

June 7, 1990.

James Vogt, Reynolds & Ridings, Oklahoma City, Okl., for plaintiff.

Steven J. Goetzinger, Stephen W. Elliott, Pringle & Pringle, Oklahoma City, Okl., for defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS

PAUL B. LINDSEY, Bankruptcy Judge.

Although this court believes that a decision, on the sole issue presented by defendant's motion and plaintiff's response, may be readily made and that the result is without serious doubt, the court is of the view that the few cases which have discussed the issue, and this court in its previous orders herein, have employed terminology which is both confused and confusing, and that clarification is therefore in order.

On November 13, 1987, this court issued, in each of these companion bankruptcy cases, its "Order Appointing Trustee," in which it is stated that "the Court does hereby Order the appointment of a trustee under the provisions of Bankruptcy Code Section 1104." On November 25, 1987, this court issued, again in each of these bankruptcy cases, its "Order," in which it confirmed the appointment of V. Burns Hargis as trustee of each of the debtors.

On November 17, 1989, the trustee filed this adversary proceeding, seeking to avoid certain allegedly preferential transfers and to recover certain allegedly fraudulent transfers, under 11 U.S.C. §§ 547 and 548, respectively. Defendant has filed her motion to dismiss the adversary proceeding on the ground that the court lacks jurisdiction over the subject matter, asserting that it was not filed until more than two years after the appointment of the trustee, citing 11 U.S.C. § 546(a).[1]

In support of the proposition that an action is time barred if not brought within the limitation period provided for in § 546(a), defendant cites *Martin v. First National Bank of Louisville*, 829 F.2d 596 (6th Cir.1987), *cert. denied*, 484 U.S. 1078, 108 S.Ct. 1058, 98 L.Ed.2d 1020 (1988); and *MortgageAmerica Corp. v. American Fed-*

*eral Savings and Loan*, 831 F.2d 97 (5th Cir.1987).[2]

In *Martin*, the date of the appointment of the trustee was not disputed, and the court determined that the limitation period was two years, without reference to Rule 9006(a), Fed.R.Bankr.P. Thus, it was held that an action subject to the limitations provision must be filed *within* the two year period, and that when that period expires on a Saturday, Sunday or holiday, an action filed on the next following business day is nevertheless time barred as having been filed after the expiration of the period.

In *MortgageAmerica*, the court had orally announced the appointment of a trustee in January 1983, and the clerk had made a minute entry of the appointment on the docket sheet. In June 1983, a written order was entered appointing the trustee. This order contained *nunc pro tunc* language making the trustee's appointment effective from the January 1983 date of the oral appointment. Although the court states its agreement with cases holding that the limitations period should commence consistent with the appointment of the trustee through a written order, it found that the failure to issue a written order initially was an oversight, that the oral order gave effective actual notice of the appointment, and that the language of the later written order made clear the effective date without undue prejudice to either party. It therefore held the *nunc pro tunc* order to have been appropriate, that the limitations period of § 546(a) commenced on the January 1983 date, and that it expired two years after that date. An action filed more than two years after that date, even though less than two years after the entry of the written order, was therefore held to be time barred.

Plaintiff relies upon *In re Bob Grissett Golf Shoppes, Inc.*, 58 B.R. 996 (E.D.Va.

---

**1.** (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

    (1) two years after the appointment of a trustee under section 702, 1101, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

**2.** Both of these cases involve the appointment of a trustee by a bankruptcy judge prior to the introduction of the U.S. Trustee system to the appointment process.

1986)[3], which in turn relies upon *Albrecht v. Robison*, 36 B.R. 913 (D.Utah 1983).[4] In *Albrecht*, an oral announcement of a trustee appointment was made in open court by the bankruptcy judge and a minute entry was made the same day by the clerk. A written order memorializing the appointment was entered by the judge and docketed several days later. Two years from a time between the oral announcement and the written order, the trustee initiated an action to recover certain preferential transfers. In holding that the date of the written order controls the limitations period, the district judge made the following statement:

> So much flows from the status of the Trustee, from the running of time limitations to the power to deal with Debtor's property, that it is appropriate that the order of appointment be formalized, that it bear the signature of the Bankruptcy Judge, thus evidencing unambiguously to all the world the commission and authority of the Trustee to act as well as provide for him a discrete time frame within which he must act. (footnote omitted).

36 B.R. at 917.

In *Grissett*, the bankruptcy court ordered the appointment of a trustee and the U.S. Trustee appointed a trustee on the same day. Four days later, after the appointed trustee had posted his bond, the court entered an order "ratifying" the appointment. After quoting the above from *Albrecht*, the court in *Grissett* made the following statement:

> So too in a pilot district is there a two step process of appointment. Although the U.S. Trustee designates a trustee by appointment, it is subject to approval by the Bankruptcy Judge. It is the formal order of appointment bearing the signature of the Bankruptcy Judge which unambiguously evidences the commission

and authority of the trustee to act. It is the date of the Bankruptcy Judge's order which should start the running of the statute of limitations.

An action brought more than two years after the actual appointment, but less than two years after the entry of the written order "ratifying" the appointment, was therefore found not to have been time barred.

As plaintiff points out, the court in *MortgageAmerica*, relied upon by defendant, cites and quotes from *Grissett*. It is also noted that the court in *MortgageAmerica* cites and agrees with *Albrecht*, "that the limitations period under section 546(a) should commence consistent with the appointment of the trustee through a written order." *MortgageAmerica, supra*, 831 F.2d at 98.

Defendant contemplated plaintiff's reliance upon *Grissett*, and simply states that she considers *Grissett* to be "bad law.[5]" This court does not agree.

Defendant, after citing *Martin* and *MortgageAmerica*, asserts that "despite any arguable ambiguity, it is only the Court, and not the U.S. Trustee, which has the power to 'appoint' a trustee. It is the U.S. Trustee's function to accomplish the Court's mandate by selection of *the* trustee." In this, too, defendant is in error.

The provisions of 11 U.S.C. § 1104 govern the appointment of a trustee in a Chapter 11 case. At no point does § 1104 refer to the court "appointing" a trustee, nor does it empower the court to do so. Reference throughout § 1104 is to the court's power to "order the appointment" of a trustee. The distinction was intentional, as is evidenced by the clear language of § 1104(c), which is, in material part, as follows:

---

**3.** At the time of the appointment of the trustee in *Grissett*, the Eastern District of Virginia was a "pilot district" for the U.S. Trustee system under the Bankruptcy Reform Act of 1978, prior to its expansion nationwide (except in Alabama and North Carolina) by the 1986 amendments to the Bankruptcy Code.

**4.** Appointment of the trustee in *Albrecht* was by the bankruptcy judge, Utah not being a "pilot district" for the U.S. Trustee system, and the appointment having been made prior to 1986.

**5.** Defendant does not address the statements of the court in *MortgageAmerica* which indicate a contrary view to that espoused in support of her motion to dismiss.

(c) If the court orders the appointment of a trustee ... then the U.S. Trustee, after consultation with parties in interest, shall appoint, subject to the court's approval, one disinterested person other than the U.S. Trustee to serve as trustee ... in the case.

Section 1104 was amended in 1986 to make it clear that the U.S. Trustee can seek the appointment of a trustee in a Chapter 11 case, and that "[i]f the court orders the appointment to be made, the U.S. Trustee makes the appointment, subject to the court's approval." H.R.Rep. No. 764, 99th Cong., 2d Sess. (1986), U.S.Code Cong. & Admin.News 1986, p. 5227.

 It is thus clear that, under § 1104, the bankruptcy judge is empowered to "order the appointment" of a trustee. It is equally clear, however, that the power of appointment itself is in the U.S. Trustee, and not in the bankruptcy judge, whose only power is to approve (or presumably, in a proper case, to disapprove) the appointment made by the U.S. Trustee.

 Neither is the bankruptcy judge empowered, permitted or required, to "ratify," "confirm," or otherwise deal with the appointment, beyond giving his approval.

Based upon the foregoing, this court's order of November 13, 1987 should not have been entitled "Order Appointing Trustee." In the body of the order, however, the court correctly ordered "the appointment of a trustee under the provisions of Bankruptcy Code Section 1104." Similarly, the court's order dated November 25, 1987 recites that the appointment [made by the U.S. Trustee pursuant to the November 13 order] had been accepted by Mr. Hargis subject to the court's approval and finds that no disability prohibited Mr. Hargis to serve as trustee. Although that order refers to "confirmation," it is clear that the court intended to do only what the statute permitted, and called upon the court to do—approve the appointment.

 Since any appointment of a trustee under § 1104 must be ordered by the court, but made by the U.S. Trustee subject to the court's approval, this court is of the opinion that no such appointment can be effective until the court's approval is obtained. Further, based upon the authorities cited above, the appointment will not be effective until the bankruptcy judge's approval has been evidenced by a written order. That being the case, the limitations period of § 546(a) does not commence until the court's approval is obtained and evidenced by a written order.

In these cases, the appointment of the trustee was effective, and the limitations period commenced, on November 25, 1987, less that two years before the instant adversary proceeding was commenced, and the same is therefore not time barred.

Defendant's motion to dismiss will therefore be denied, and defendant shall have twenty (20) days within which to file and serve her answer to plaintiff's complaint.

IT IS SO ORDERED.