In re Milton SCHRAIBER, Debtor.

Alexander KNOPFLER, as Trustee
in Bankruptcy, Plaintiff,

v.

Betty SCHRAIBER, et al., Defendants.

Bankruptcy No. 87 B 17144.
Adv. No. 90 A 51.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Jan. 14, 1992.

Donald R. Cassling, Jay S. Geller, Timothy G. Compall, Jenner & Block, Chicago, Ill., for Oak Mill.

Sandra Rasnak, Office of the U.S. Trustee, Chicago, Ill.

A. Daniel Feldman, Richard T. Reibman, Schwartz, Cooper, Kolb & Gaynor, Chicago, Ill., for Trustee.

## MEMORANDUM OPINION

JACK B. SCHMETTERER, Bankruptcy Judge.

### INTRODUCTION

At the outset of trial of certain Counts in this Adversary case, Defendants Isabelle and Edward Gaik, Fred and Doreen Groh, Irene Maczka, Patrick and Marilyn Maize, Betty Rydzon, Lois Schmitt and Oak Mill Shopping Center Associates (the "OMSCA Defendants") moved on various grounds to dismiss the Complaint filed by Alexander Knopfler, Chapter 11 trustee of the debtor, Milton Schraiber's estate. Defendants Betty Schraiber, Milton Schraiber, Lois Kanter, Randi Kanter, Steven Schraiber, and Alisa Schraiber (the "Schraiber Defendants") also moved to dismiss the Complaint, adopting arguments of the OMSCA Defendants concerning the statute of limitations under 11 U.S.C. § 546(a). The Trustee responded to these motions in the form of a motion for sanctions under Rule 9011, F.R.Bankr.P.[1] The issues were fully briefed by all parties. During trial, the Court indicated intent to grant the motions

to dismiss, and the trial went forward on issues in another Adversary case scheduled to be tried along with this case. For reasons stated below, the Court now allows Defendants' motions to dismiss under 11 U.S.C. § 546(a) and denies the Trustee's motion for sanctions. By separate order the case is entirely dismissed with prejudice.

### FACTUAL AND PROCEDURAL BACKGROUND

The dispositive facts are not in dispute.

Debtor filed his petition under Chapter 11 of the Bankruptcy Code on November 18, 1987.[2] On January 7, 1988, the Court directed the United States Trustee to appoint a trustee pursuant to 11 U.S.C. § 1104(a)(1) and (2). On January 8, 1988, the U.S. Trustee appointed Alexander Knopfler to the position. On January 8th, Mr. Knopfler accepted the appointment. This Court approved the appointment by order dated January 8th, and notification of appointment was filed and served on all parties. While Trustee questions whether the order of approval was signed the day it is dated, it is our practice to date orders the date they are signed, and no evidence was offered to contradict that date. However, the order approving appointment was not entered on the court docket until January 21, 1988. On January 19, 1990, the Trustee filed this Adversary Complaint against Betty Schraiber and other Defendants seeking in 84 counts to set aside certain transfers pursuant to § 547(b) of the Bankruptcy Code, Title 11 U.S.C. Count 1 seeks relief under 11 U.S.C. § 502. The OMSCA Defendants and the Schraiber Defendants

---

1. The Trustee entitles his response, a "Motion for Rule 9001 Sanctions". However, the Court assumes that he is seeking sanctions under Rule 9011 which tracks the language of Rule 11, F.R.C.P., and authorizes the imposition of sanctions.

2. This Court has issued eight opinions relating to the disposition of the related adversary proceeding entitled *Knopfler v. Milton Schraiber*, 88 A 877. The history of this case and background relating to this Adversary case may be found in those opinions. *See Knopfler v. Schraiber*, No. 88 A 877 slip op. (June, 1990) (Findings of Fact and Conclusions of Law on the counts of the

Trustee's complaint which were severed for trial); *Knopfler v. Schraiber*, 117 B.R. 925 (1990) (denying Debtor's motion to vacate the judgment order denying him discharge under 11 U.S.C. § 727(a)); *Knopfler v. Schraiber*, 107 B.R. 899 (1989) (denying motion to dismiss cross-claimants' [OMSCA partners] complaints against cross-defendants); *Knopfler v. Schraiber*, 103 B.R. 1001 (1989) (denying motion to disqualify Hall Triplett as counsel for the OMSCA Defendants); and *Knopfler v. Schraiber*, 97 B.R. 937 (1989) (denying Lyons Savings Bank's motion to dismiss).

subsequently filed the instant motions to dismiss.

## JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and Local District Rule 2.33. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (F).

## STANDARDS ON MOTIONS TO DISMISS

■ In order for Defendants to prevail on their motion to dismiss, it must appear beyond a doubt from the pleadings that the Plaintiff can prove no set of facts in support of its claims which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Gorski v. Troy,* 929 F.2d 1183, 1186 (7th Cir.1991). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff has pleaded a cause of action sufficient to entitle it to offer evidence in support of its claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The Court must consider both pleaded facts and reasonable inferences drawn from pleaded facts, in a light most favorable to the Plaintiff when reviewing the Defendants' motions to dismiss. *Gorski v. Troy,* 929 F.2d at 1186; *Corcoran v. Chicago Park District,* 875 F.2d 609 (7th Cir.1989); *Ross v. Creighton University,* 740 F.Supp. 1319, 1326 (N.D.Ill.1990).

■ When motions to dismiss rest on facts outside the pleadings, they may be treated as motions for summary judgment. The parties agree that the order in which this Court approved Mr. Knopfler's appointment is dated January 8, 1988, but that such order was not entered on the court docket until January 21st. Therefore, the instant motions are treated under Rule 12(b)(6) F.R.Civ.P. (Rule 7012, F.R.Bank.P.) for purposes of the limitations issue under 11 U.S.C. § 546(a), as well as under Rule 12(b)(6) F.R.Civ.P. for purpose of the other issues asserted by Defendants. There are no triable issues of fact as to the § 546(a) question in view of the ruling hereinbelow, and Defendants are en-

titled as a matter of law to dismissal with prejudice.

## DISCUSSION

■ Several of the OMSCA Defendants' arguments are without merit. Their first assertion is that the Trustee's complaint is barred by the statute of limitations contained in 11 U.S.C. § 108(a). This provision provides:

If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) two years after the order for relief.

This provision does not apply to causes of action created by the Bankruptcy Code. *In re Topcor, Inc.,* 132 B.R. 119, 126 (Bankr. N.D.Tex.1991); *In re Downtown Investment Club III,* 89 B.R. 59, 65 (9th Cir. B.A.P.1988) ("[section] 108(a) refers to pre-filing causes of action belonging to the debtor and not to a cause of action created by the Bankruptcy Code"). Since the Trustee is pursuing actions founded on bankruptcy law, § 108(a) has no application here.

■ They also move to dismiss this Adversary Complaint because the Trustee is actively pursuing his Complaint against them but not against other named Defendants, and because the Trustee has not sued every possible defendant. It is true that the Trustee has initiated actions against only 85 out of the 140 note-holding creditors who allegedly received preference payments in violation of § 547(b). It is further true that the Trustee has pursued some of these actions more vigorously than others. However, this is no reason to dismiss the complaints against the OMSCA Defendants. The Trustee apparently made a cost-benefit analysis and decided that

only the OMSCA Defendants received large enough preference payments to pursue a complaint against them. It is clearly within the Trustee's discretion to make these decisions. Cf. 11 U.S.C. § 704(1); 4 Collier on Bankruptcy ¶ 704.02 (15th ed. 1991) ("The trustee, however, need not bring suit for a small recovery which would not prove beneficial to the estate"). Moreover, there is nothing in the Code which mandates dismissal of a complaint when other similar complaints should have been pursued.

The OMSCA Defendants further assert that the alleged transfers were made from property of OMSCA rather than from Debtor's property and therefore are not recoverable under the Trustee's avoiding powers. However, Trustee has alleged that OMSCA, as an entity, was merely a conduit through which funds transferred to the OMSCA Defendants flowed. The transferred funds allegedly consisted of transfers from other checking accounts controlled by the Debtor. In any case, the Court must consider the well-pleaded facts in a light most favorable to the plaintiff when ruling on a motion to dismiss, *Gorski v. Troy*, 929 F.2d at 1186, and the Court can certainly infer from the allegations that the transfers received by the Defendants were property of the Debtor's estate.

■ The Schraiber Defendants also argue that the limitations period should run from the day on which the petition was filed since a debtor-in-possession stands in the shoes of the Trustee pursuant to 11 U.S.C. § 1107(a). They cite *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520 (10th Cir. 1990), for support. In that case, the Tenth Circuit held that § 546(a) governs actions by debtors-in-possession to void preferences under § 547 and that the limitations period begins when the debtor files its Chapter 11 petition. *Id.* at 1524. *Zilkha Energy* does not discuss when the limitations period begins for trustees and is inapplicable to the issues presented in this case. Furthermore, their argument directly contravenes § 546(a)(1) which states that the limitation period applicable here runs from the date a trustee is appointed.

■ The only argument of Defendants with merit is that the complaint is barred by the statute of limitations contained in 11 U.S.C. § 546(a)(1). This provision directly applies to avoidance actions. It provides,

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

This complaint was filed more than two years after the Court signed an order confirming the appointment of Mr. Knopfler as trustee but less than two years after that order was docketed by the clerk. The issue before the Court is whether the two year period established in § 546(a)(1) starts when the order is signed or when it is docketed.

Trustee and Defendants cite to the same cases for support of their arguments. The Trustee relies on language in authorities that spoke of need for formal and final orders, arguing that the effective date of orders is the date of docketing. Defendants rely on language in authorities that speak of need for orders to be written and signed by the judge, to argue that the effective date under § 546(a)(1) is the day on which the judge signs a written order approving a trustee. Careful analysis of those cases resolves this issue.

In *Albrecht v. Robison*, 36 B.R. 913 (D.Utah 1983), the Bankruptcy judge orally announced appointment of a trustee in open court on September 5, 1980. A written order confirming the appointment was subsequently signed by the judge and docketed by the clerk on September 9, 1980. The trustee filed a complaint under § 547 on September 8, 1982, and the Defendants in that action claimed the suit was barred by § 546(a). The court phrased the issue by asking the question, "[d]oes the court appoint a ... trustee by oral announcement in court or does the court appoint by formal written order signed and docketed?" *Id.* at 915. The court concluded that the

appointment occurs by the entry of a written order stating,

> it is appropriate that the order of appointment be formalized, that it bear the signature of the Bankruptcy Judge, thus evidencing unambiguously to all the world the commission and authority of the Trustee to act as well as provide for him a discrete time frame within which he must act. *Id.* at 917.

The *Albrecht* court had no occasion to consider the question before this Court since the order confirming the appointment in that case was signed and docketed on the same day.

Two bankruptcy judges in the same District as the *Albrecht* court have interpreted that opinion in dicta. Judge Allen cited *Albrecht* for the proposition that the "separate document rule requires written order appointing trustee, the docketing of which commences the two-year statute of limitations for commencing preference action." *In re By–Rite Distributing, Inc.,* 47 B.R. 660, 669 n. 11 (Bankr.D.Utah 1985). Judge Clark, on the other hand, cited *Albrecht* for the proposition that the "separate document rule requires that appointment of trustee be commenced by entry of an order of the court, not by minute entry of deputy clerk." *In re AFCO Development Corp.,* 65 B.R. 781, 785 (Bankr.D.Utah 1986).

In *In re Bob Grissett Golf Shoppes, Inc.,* 58 B.R. 996 (E.D.Va.1986), the U.S. Trustee appointed a trustee pursuant to a court order on August 5, 1983, and the bankruptcy court entered an order ratifying the appointment on August 9. The judge ruled that the two year period set in § 546 commenced when the appointment was approved by the bankruptcy judge. He stated,

> "[i]t is the formal order of appointment bearing the signature of the Bankruptcy Judge which unambiguously evidences the commission and authority of the trustee to act. It is the date of the Bankruptcy Judge's order which should start the running of the statute of limitations.... The handling of bankruptcy claims in a fair and equitable manner

requires certainty as to limitation of actions. That certainty can only be had with a definite, unambiguous date." *Id.* at 998–99.

The order approving the trustee's appointment in that case was signed and docketed on the same day.[3] Thus, like the court in *Albrecht*, the court in *Bob Grissett Golf Shoppes* had no occasion to consider the effect of a signed but not docketed order.

The same fact pattern was present in *In re Glenco International Corp.,* 115 B.R. 308 (W.D.Okla.1990). There, the bankruptcy court issued orders to appoint a trustee on November 13, 1987, but did not sign orders confirming the appointment until November 25th. The court denied a motion to dismiss complaint filed by the trustee on November 17, 1989. The court held, "the limitations period of § 546(a) does not commence until the court's approval is obtained and evidenced by a written order." *Id.* at 311.

In *In re MortgageAmerica Corp.,* 831 F.2d 97 (5th Cir.1987), the bankruptcy court orally appointed a trustee on January 12, 1983 but did not enter a written order until June 10th. The order, however, contained *nunc pro tunc* language making the order effective as of January 12th. On June 10, 1985, the trustee filed a complaint seeking to void a transfer under sections 547 and 548, and the district court dismissed the complaint. In considering the appeal, the Fifth Circuit noted,

> a written order unambiguously signifies the court's final determination that the trustee is appointed and serves clear noted of the date of that appointment to all who examine the case file.... We have no doubt that, as a general rule, commencing the limitations period of section 546(a) on the date of the written order appointing the trustee best furthers the policy of providing litigants with certainty in regard to the time periods in which actions can be prosecuted. *Id.* at 98.

The court went on, however, to affirm the district court's ruling by giving effect to the *nunc pro tunc* language in the order. The court noted that it was only an over-

---

**3.** The district court noted that the bankruptcy court "entered an order" on August 9. *Id.* at

997. The term "entering" is synonymous with "docketing".

sight that an order was not entered at the time of the oral appointment and that giving retroactive effect to the order preserved the intent of Congress that "avoidance be brought within the two years of the time the trustee is appointed and begins to function." *Id.* at 99.

An opinion directly considering the docketing issue presented here was rendered in *In re Nash Phillips/Copus–Houston, Inc.,* 114 B.R. 466 (W.D.Tex.1990). In that case, an order was entered on October 30, 1987 appointing an interim trustee. On January 7, 1988, a § 341 meeting was held at which a different person was elected to be the trustee. The validity of this election was then disputed and on February 8, 1988, the court announced that the interim trustee would be appointed as the permanent trustee. The order was signed by the judge on February 11th and docketed on February 17th. A series of adversary complaints were filed on February 12, 1990, and the defendant moved to dismiss under § 546(a).

The court found that the limitations period did not begin until the order had been entered on the docket. It stated,

> appointment under such circumstances is to be made by a formalized order. Such an order is one in writing, dated, signed by the judge, and entered on the docket. The order in this case did not attempt to effectuate the appointment of the trustee *nunc pro tunc.* It therefore became operative when entered. *Id.* at 473.

The court relied on *MortgageAmerica* and *Albrecht* to reach this conclusion, and concentrated on language in these cases which extolled the need for appointments to be formalized in order to be effective. See *MortgageAmerica,* 831 F.2d at 99 ("the bankruptcy court entered an order in June 1983 to formalize its appointment"); *Albrecht,* 36 B.R at 917 ("So much flows from the status of the Trustee, ... that it is appropriate that the order of appointment be formalized, that it bear the signature of the Bankruptcy Judge"). It found that to be 'formalized', the order had to be written, signed and docketed. *Id.* at 473.

Several lessons may be gleaned from these opinions. First, the Congress set forth a clear and unambiguous rule in § 546(a)(1) language. The Trustee and other litigants know with certainty the time period in which actions can be prosecuted. *MortgageAmerica,* 831 F.2d at 98. A simple reading of § 546(a) and the order confirming the appointment gives ample notice of when the limitations period begins and ends to anyone examining the case file. *Id.* at 99.

Second, Congress clearly intended the limitations period to start when the Trustee begins to function. *Id.* The trustee is authorized to function when the appointment process is completed by court approval of trustee's appointment. Therefore, the limitations period begins when the appointment process is completed. As the court in *Glenco International* pointed out, the appointment process is a collaborative, three-step process. The bankruptcy court orders the appointment of a trustee, the U.S. Trustee then makes the appointment subject to the court's approval, and the court approves the appointment. 115 B.R. at 311. The appointment process is only complete when all three steps have been completed. At that point, the trustee is both empowered to act and encumbered by limitations set out in the Bankruptcy Code.

These legislative principles are recognized in finding that the limitations period under § 546(a)(1) starts to run when the written order confirming trustee's appointment is signed by the judge. The holding in *Nash Phillips* and the dicta in *By–Rite Distributing* are not well reasoned, and this Court declines to follow those cases.

The trustee must act expeditiously following approval of the appointment in order to maximize and protect the estate. Trustees should not sit inactive while waiting for the approval order to be docketed, and they certainly don't in practice.

█ The Trustee argues that Rules 9021 and 5003, F.R.Bankr.P., mandate that a judgement is effective only when entered on the docket. Rule 9021 provides, "[e]very judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document. A judgment is effective when entered as provided in rule 5003." Rule 5003(a), in turn, provides that "[t]he clerk shall keep a docket in each case under the Code and shall enter there-

on each judgment, order and activity in that case...." These rules apply Rules 58 and 79(a), F.R.C.P., to proceedings in Bankruptcy. See *In re Kilgus*, 811 F.2d 1112, 1117 (7th Cir.1987) (Bankruptcy Rule 9021 is applied in the same manner as Rule 58).

Rule 58 and 79(a) establish the "separate document rule," which is that judgments are only effective when entered on the case docket. The Supreme Court has explained in *United States v. Indrelunas*, 411 U.S. 216, 220, 93 S.Ct. 1562, 1564, 36 L.Ed.2d 202 (1973),

> The reason for the "separate document" provision is clear from the notes of the advisory committee of the 1963 amendment [of Rule 58]. Prior to 1963, there was considerable uncertainty over what actions of the District Court would constitute an entry of judgment, and occasional grief to litigants as a result of this uncertainty. To eliminate these uncertainties, which spawned protracted litigation over a technical procedural matter, Rule 58 was amended to require that a judgment was to be effective only when set forth on a separate document.

Appeals must be commenced "from a district court to a court of appeals ... within thirty days after the date of entry of the judgment or order appealed. Rule 4(a)(1), F.R.A.P.; *Reid v. White Motor Corp.*, 886 F.2d 1462, 1465 (6th Cir.1989).[4] The Seventh Circuit has stated that "entry" occurs only when the written order is signed by the judge and docketed by the clerk.

*Stelpflug v. Federal Land Bank of St. Paul*, 790 F.2d 47, 49 (7th Cir.1986), quoting *Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 688 (4th Cir.1978). Rule 58 simply clears up confusion which existed concerning when a judgment order is effectively entered for the purpose of taking an appeal.

A judgment is defined by the bankruptcy rules as "any appealable order". Rule 9001(7), F.R.B.P. The Court in *Albrecht* noted that an uncontested order appointing a trustee is not appealable since it is not a final decision and does not dispose of a substantive right. 36 B.R. at 915–16. The order confirming Mr. Knopfler's appointment as the Trustee was an uncontested bankruptcy proceeding. As such, it was not then appealable. Therefore, the "separate document rule" and accompanying case law are inapplicable here because the order appointing Mr. Knopfler was not a judgment and was not entered as result of a contested proceeding.[5]

### Dismissal of the § 502 Complaint

The Adversary Complaint consists of 85 counts. All the counts except for Count 1 seek to avoid transfers under § 547(b) or § 548. These counts are barred by § 546(a)(1). Count 1 seeks to disallow the Defendants' claims under 11 U.S.C. § 502 which provides, "the Court shall disallow any claim of any entity ... that is a transferee of a transfer avoidable under Section ... 547, 548 ... of this title, unless such ... transferee has paid the amount...."

---

**4.** The strict, mechanical approach to the separate document rule adopted in the wake of *Indrelunas* was modified in *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), but the change is not relevant to the analysis here. *Bankers Trust* held that where an appeal is merely premature or where a separate document is accidentally never filed, the appeal should not be dismissed for lack of a separate judgment. *Id.* at 385–86, 98 S.Ct. at 1120. This result was reached because the rules "should be interpreted to prevent loss of the right of appeal, not to facilitate loss." *Id.* at 386, 98 S.Ct. at 1120, quoting 9 J. Moore, *Federal Practice* ¶ 110.-08(2) (1970).

**5.** The OMSCA Defendants also argue that applying Rule 9021 to extend the limitations period would violate 28 U.S.C. § 2075 which mandates that the bankruptcy rules "shall not abridge, enlarge, or modify any substantive right." They

argue that by allowing the docket date to start the two year limitation, the Court would be expanding the limitation period beyond the two years established in § 546(a). This argument assumes that the order is made when the order is signed. This argument begs the question since it assumes a resolution in its favor of the central issue in this case (which is whether an appointment is deemed to be made when the approval order is signed or docketed). The Court has decided that the appointment is made when the approval order is signed. Given that decision, it is correct that delay in docketing does not extend the § 546(a) limitations period. However, a contrary decision would not be an enlargement of a substantive right because in that case, the limitations period would run from the date of docketing. Therefore, this argument does not address the issue decided here.

Without liability for a voidable transfer, § 502 has no application to these Defendants. Therefore Count 1 is dismissed along with all other Counts.

## CONCLUSION

The appointment of Trustee was approved by Court Order on January 8, 1988. The Trustee was empowered to act from that time forward. Therefore, the two year limitations period established by § 546(a)(1) started on January 8, 1988 and ended on January 8, 1990. Since this Adversary Complaint was filed on January 19, 1990, all Counts thereof except Count 1 are barred by that statute of limitations and must be dismissed. Because those Counts are barred by limitations, Count 1 brought under § 502 must also be dismissed. Also, since Defendants presented meritorious and successful arguments in favor of dismissing the complaint, the Trustee's motion for sanctions is denied.